J-S91029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JAMES R HOCHSCHILD | : | |
| | : | |
| Appellant | : | No. 683 MDA 2016 |

Appeal from the Judgment of Sentence April 6, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0001979-2003

BEFORE: FORD ELLIOTT, P.J.E., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY RANSOM, J.: **FILED FEBRUARY 27, 2017**

This is an appeal from the judgment of sentence of twelve and one-half to twenty-five years of incarceration imposed on April 6, 2016, following revocation of James R. Hochschild's probation. We affirm.

On May 20, 2005, Appellant pleaded guilty to the following charges underlying his offenses: two counts of criminal solicitation for each of the following: (1) statutory sexual assault, (2) deviate sexual intercourse, (3) aggravated indecent assault, (4) indecent assault, (5) indecent exposure, and (6) corruption of minors, and one count of criminal use of a communication facility.[1]

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 902(a), 3122.1(a)(1), 3125(a), 3126(a)(7), 3127(a), 6301(a)(1), 7512(a), respectively.

The court ordered Appellant's sentence to run concurrent with his existing federal sentence with credit for time served, followed by ten years of special state probation. In addition, the court attached the following conditions: maintain full-time employment, undergo individual counseling, undergo medical or psychiatric treatment when required, maintain pharmacological treatment for OCD, depression and any other mental health diagnosis, participate in sex offenders' outpatient treatment, community service, no computer usage without approval of the parole agent, and undergo an evaluation for possible autism.

In April 2015, Appellant was released from federal prison and placed under supervision of a state parole officer. He attended court-ordered sex-offender treatment and was living in a known sex-offender rooming house. **See** Notes of Testimony (N.T.), 4/6/2016, at 7-8, 13-14. As part of sex-offender treatment, Appellant waived protection from self-incrimination and agreed to limited confidentiality within the treatment setting. **See** N.T., 4/6/2016, at 27. Appellant attended weekly, high-risk sex-offender group sessions for an hour and one-half and weekly, individual treatment sessions for one hour. **See id.** at 29.

On May 11, 2015, Appellant told his parole officer that he had ordered adult pornography for masturbation via his cable television service. **See id.** at 9, 55-56. Given that this was "lapse" behavior, Appellant was instructed to block any related, cable video services. **See id.** at 9.

In September 2015, Appellant admitted to his treatment provider that he had been viewing child pornography on his cell phone and masturbated to the images since May 2015. *Id.* at 12, 34-35, 56. He also admitted to ongoing "masochistic behavior," such as insertion of a coffee stirrer into his urethra. *See id.* at 35, 57. Appellant was discharged from his court-ordered individual and group treatment on September 29, 2015 "due to dishonesty about or persistence in sexually deviant behavior or behavior that places another person at risk for sexual abuse." *Id.* at 36, 59. Appellant's failure to comply with treatment constituted "re-offense" behavior, which his treatment provider was obligated to report to his probation officer. *See id.* at 8-9, 35-36, 57-58. The behavior included viewing child pornography, reinforcing deviant sexual interest in children, exhibiting dishonesty within treatment, and recidivist behavior. *See id.* Appellant also gave a written statement regarding his admissions. *See id.* at 38.

In April 2016, at the violation of probation hearing, the treatment provider testified that Appellant's statements were "a clear indication of his high risk for re-offense and his need for containment along with some of the masochistic behaviors and danger to himself and others." *See id.* She reported these as definite signs of relapse to Appellant's probation officer and that his failure to disclose information violated the rules of sex-offender treatment. *See id.* at 12-13, 39, 43-45, 58. When Appellant went into the parole office to meet with an officer, he was detained for public safety reasons. *See id.* at 13. Following the hearing, the court revoked

Appellant's probation and sentenced him as described above. ***See Order***, 4/6/2016.

Appellant timely filed a notice of appeal and Pa.R.A.P. 1925(b) statement. The revocation court filed a responsive opinion. ***See*** Trial Ct. Op., 8/9/2016.

Appellant raises one issue for our review:

> Was not the imposition of an aggregate probation violation sentence of 12 ½ to [25] years' incarceration, with a consecutive 10 years' probation, clearly unreasonable, so manifestly excessive as to constitute an abuse of discretion, and inconsistent with the protection of the public, the gravity of the offenses, and [Appellant's] rehabilitative needs?

Appellant's Br. at 5.

In his brief, Appellant contends that imposing consecutive sentences on all four counts resulted in a sentence that was so manifestly excessive as to constitute an abuse of discretion. Appellant's Br. at 19. Appellant maintains that the court imposed a sentence greater than necessary to protect the public. ***Id.*** at 20-21. Further, Appellant argues that the court abused its discretion in imposing total confinement for mere technical violations and in failing to consider his rehabilitative needs, as required by 42 Pa.C.S. § 9721. ***See id.*** These claims do not challenge the revocation of Appellant's probation. Rather, Appellant challenges the discretionary aspects of his sentence. ***See Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa. Super. 2010).

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." **Commonwealth v. Clarke**, 70 A.3d 1281, 1287 (Pa. Super. 2013) (citation omitted). Appellant has no absolute right to appeal the discretionary aspects of his sentence. **See** 42 Pa.C.S. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. **Id.**

As this Court has explained:

> To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) [W]hether appellant filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code[.]

**Commonwealth v. Cook**, 941 A.2d 7, 11 (Pa. Super. 2007); **see also Commonwealth v. Kalichak**, 943 A.2d 285, 289 (Pa. Super. 2008) ("[W]hen a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that sentence either by objecting during the revocation sentencing or by filing a post-sentence motion"). In this case, Appellant filed a timely notice of appeal and properly preserved his claims in a post-sentence motion. **See** Motion, 4/15/2016; Notice of Appeal, 4/22/2016. Appellant's brief also contains a Pa.R.A.P. 2119(f) statement. Thus, we turn to address whether the appeal presents a substantial question.

The determination of what constitutes a substantial question is evaluated on a case-by-case basis. *See Commonwealth v. Paul*, 925 A.2d 825 (Pa. Super. 2009).

> A substantial question exits only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Clarke*, 70 A.3d 1281, 1286-87 (Pa. Super. 2013) (internal citations and quotation marks omitted).

In his rule Pa.R.A.P. 2119(f) statement, Appellant contends: (1) that the sentence is "clearly unreasonable," 42 Pa.C.S. § 9781(c)(2); (2) that the imposition of consecutive sentences on four counts renders his sentence manifestly excessive; (3) that the sentence was not consistent with the protection of the public, gravity of the offenses, and Appellant's rehabilitative needs; and (4) that the court imposed a sentence of total confinement for technical violations of probation. *See* Appellant's Br. at 12-15.

Appellant's first two claims do not establish a substantial question. In the first, Appellant acknowledges that this new sentence is within the sentencing guidelines but asserts the sentence is "clearly unreasonable." This claim does not establish a substantial question, as the guidelines are inapplicable following revocation of probation. *Commonwealth v. Coolbaugh*, 770 A.2d 788, 792 (Pa. Super. 2001) (citing *Commonwealth*

*v. Ware*, 737 A.2d 251, 255 (Pa. Super. 1999), *appeal denied,* 747 A.2d 900 (Pa. 1999)); *see* 204 Pa. Code § 303.1(b). "[U]pon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Coolbaugh*, 770 A.2d at 792.

Second, Appellant claims that the imposition of consecutive terms of incarceration renders his aggregate sentence manifestly excessive. This claim does not establish a substantial question.

> Long standing precedent of this Court recognizes that 42 Pa.C.S.A. section 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question.

*Commonwealth v. Pass*, 914 A.2d 442, 446–47 (Pa. Super. 2006) (quoting *Commonwealth v. Marts*, 889 A.2d 608, 612-13 (Pa. Super. 2005)). Merely because Appellant received a sentence on each count Appellant's overall sentence is not necessarily excessive. *See Marts*, 889 A.2d at 613. Accordingly, we now turn to the merits of Appellant's sentencing claims.

Appellant's third and fourth claims raise substantial questions and we will proceed to address the merits of each. In his third claim, Appellant claims that his sentence was inconsistent with the gravity of the offenses and his rehabilitative needs. *See* Appellant's Br. at 14 (citing 42 Pa.C.S. §§ 9721(a), 9771(a)). "[A] claim [that] the trial court focused solely on the

nature of the offense, without considering the protection of the public or the rehabilitative needs of the appellant, as is required by 42 Pa.C.S.A. § 9721(b), presents a substantial question." *Clarke*, 70 A.2d at 1287; *Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2012) (noting that failure to consider factors of 42 Pa.C.S. § 9721(b), and instead focusing on complaining victims raised a substantial question) (citation omitted). Accordingly, this claim does raise a substantial question.

Contrary to Appellant's contention, the court expressly considered his rehabilitative needs. The court considered all evidence and testimony presented. Specifically, the revocation court weighed Appellant's relapse behavior, substantial non-compliance with conditions of his probation, character, the seriousness of the substantive violations, his continued need for rehabilitation, and the need to protect the public. *See* Trial Ct. Op., 8/9/2016, at 6-7. According to the revocation court, Appellant failed to "avail himself of treatment to address tendencies which might, and did, result in relapse." Trial Ct. Op., 8/9/2016, at 6 (citing N.T. at 36). The court ultimately determined that Appellant lacked "amenability to rehabilitation." Trial Ct. Op., 8/9/2016, at 7. Based on this evidence, the court concluded that Appellant was likely to commit another crime if not imprisoned. *See* Trial Ct. Op., 8/9/2016, at 7. Accordingly, we conclude that Appellant's argument is without merit.

In his fourth claim, Appellant properly asserts that the imposition of a sentence of total confinement for technical violations of probation raises a substantial question. "The imposition of a sentence of total confinement after the revocation of probation for a technical violation, and not a new criminal offense, implicates the 'fundamental norms which underlie the sentencing process.' *Crump*, 995 A.2d at 1282; *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa. Super. 2000) (imposition of total confinement at the statutory maximum for the underlying offense raised a substantial question such that the sentence was on its face, so disproportionate to the probation violation as to implicate the "fundamental norms which underlie the sentencing process.").

Section 9721 requires the court to apply the following general principles:

> [T]he sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S. § 9721. Further,

> [t]he court shall not impose a sentence of total confinement upon revocation unless it finds that:
> (1) the defendant has been convicted of another crime; or
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
> (3) such a sentence is essential to vindicate the authority of the court.

*Id.* at § 9771(c).

Here, the court considered the nature of Appellant's underlying crimes as well as his technical violations. *See Crump*, 995 A.2d at 1282 (noting that the record as a whole should "reflect the sentencing court's consideration of the facts of the crime and character of the offender."). Based on the transcript of the revocation of probation hearing and the court's opinion further explaining the sentence imposed, we discern no abuse of discretion. *See Clarke*, 70 A.2d at 1287. In rejecting a sex offender's challenge to a discretionary aspect of his probationary sentence, this Court has specifically held that restricting rights to possess sexual material and access to the Internet are "rationally related to the important goals of protecting the public and preventing the offender from relapsing into the practice of accessing Internet sites of child pornography." *Commonwealth v. Perreault*, 930 A.2d 553, 559 (Pa. Super. 2007) (citing *Commonwealth v. Hartman*, 908 A.2d 316, 321 (Pa. Super. 2006)). Conditions imposed for sex-offenders are designed to foster the offender's rehabilitation, prevent relapse, and deter future crimes. *See Perrault*, 930 A.3d at 333. Failure to comply with a condition of probation is grounds for a sentence of confinement. *See Crump*, 995 A.2d at 1282; *see* 42 Pa.C.S. 9771(c).

Following release from prison, Appellant was subject to several probationary conditions, which forbid purchasing, possessing, or transporting any pornographic or sexually explicit materials, and required individual and

group sex-offender treatment. In less than seven months, Appellant violated all of these conditions. Thus, it was reasonable for the court to conclude that Appellant would likely commit another crime if not imprisoned, and we discern no abuse of the court's discretion in this regard. ***See*** 42 Pa.C.S. § 9771(c)(2); ***see Clarke***, 70 A.2d at 1287. Finally, Appellant does not raise a substantial question regarding the length of his sentence. Nevertheless, we note that in light of the court's express consideration of the principles set forth in Section 9721, Appellant's sentence does not reflect an abuse of discretion.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/2017